# Bush *v.* Bush, Executor, Appellant.

*Promissory note—Alteration—Addition of seal.*

In an action upon a promissory note under seal, evidence to the effect that the seal had been added some years after the date of the note, will not invalidate the note, where the uncontradicted testimony was that the seal had been added by the maker himself.

Argued May 23, 1901. Appeal, No. 77, Jan. T. 1901, by defendants, from judgment of C. P. Lancaster Co., Aug. T., 1894, No. 76, on verdict for plaintiff in case of Annie M. Bush v. Annie M. Bush and Howard W. Bush, Executors of Levi L. Bush, deceased. Before McCOLLUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a promissory note under seal. Before BRU-BAKER, J.

At the trial it appeared that the note was dated April 4, 1884. Plaintiff testified on cross-examination that the seal had been added sometime in the year 1891, when she had written at her husband's request the words, " Witness my hand and seal." The scroll seal was added at the time by the maker himself.

Verdict and judgment for plaintiff for $64,256.25. Defendants appealed.

*Error assigned* was the answer to the point set forth in the opinion of the Supreme Court.

*C. E. Montgomery*, with him *Geo. Nauman* and *David Mc-Mullen*, for appellants.

*W. U. Hensel*, for appellee, was not heard.

PER CURIAM, July 17, 1901:

The verdict was rendered in this case on February 25, 1896, in favor of the plaintiff in the sum of $64,256.25. On March 6, 1896, reasons for a new trial were filed, and on the same day a rule to show cause was granted. The rule was continued from that time to March 22, 1900, when the rule to show cause was argued, and on May 26, 1900, the rule for new trial was discharged. On January 18, 1901, the jury fee was paid and judgment was entered on the verdict. On the same day an appeal was taken to this court.

The appeal was based on the defendant's point as follows, to wit: " The action in this case being upon a sealed instrument or a specialty, and the plaintiff having testified that the instrument on which suit is brought was originally an ordinary promissory note executed in 1885 and altered to a specialty in 1891

by adding the words, 'Witness my hand and seal' before the signature of L. L. Bush, and the seal after his signature, there can be no recovery in this action." To this the court replied as follows : " We say to you we are obliged to refuse to answer this point in the affirmative. The plaintiff herself was called by the defendants on the stand, under cross-examination and she testified positively, that the alterations in this note so made were made specially at the request of the deceased, her husband, and that the scroll seal itself was added to it by the deceased. This testimony has been uncontradicted, and if believed by you, your verdict should be promptly rendered for the plaintiff in this case for the full amount with interest." As we have already seen the verdict was renderd as above stated.

The case was tried before Judge BRUBAKER, and resulted in a verdict in favor of the plaintiff. After that and pending the rule under consideration Judge LANDIS filed an opinion in which all the circumstances having a bearing on the question involved in the case were presented and resulted in a discharge of the rule to show cause.

Upon a careful consideration of the case we conclude that the rule was properly discharged. We therefore dismiss the assignment and affirm the judgment entered on the verdict in the court below.